MAURICE MEEKER v. C. D. & M. TRACTION CO.

PERSON INJURED WHILE SIGNALLING APPROACHING CAR GUILTY OF CONTRIBUTORY NEGLIGENCE.

A person standing in close proximity to, and leaning over, an interurban traction company's track to signal a rapidly approaching car on which he desired to take passage, contributes to his own injury precluding recovery for negligence of the motorman in failing to stop the car; misjudging the speed of the car and being blinded by the headlight's glare were elements charging him with his peril rather than relieving him from the imputation of contributory negligence.

ERROR to Franklin common pleas court.

**J. R. Hunt** and **E. G. Lloyd,** for plaintiff in error.

**C. C. Williams,** for defendant in error.

**ALLREAD, J.**

The plaintiff sought to recover damages from the defendant for personal injury. The injuries were received by him in an effort to signal and stop a car upon which he intended to take passage. At the time of signalling the car he stood just beyond the rail outside the track and leaned over the rail so as to be more readily observed by the motorman and signalled by waving a handkerchief. The signal was not answered and the car continued at the usual rate of speed. The plaintiff claims that he was blinded by the glare of the headlight and did not withdraw his person from the position over the rail until too late to avoid the car, which struck him, inflicting serious injury.

The court of common pleas at the conclusion of the plaintiff's evidence instructed the jury to return a verdict for the defendant, which was done. Error is now prosecuted here.

Meeker v. Traction Co.

The question here is as to whether the plaintiff's evidence establishes contributory negligence.

The negligence of the traction company in not observing or heeding the plaintiff's signal and stopping the car may be conceded. But it was also incumbent upon the plaintiff to use due care. *Interurban Ry. & Term. Co. v. Hancock,* 75 Ohio St. 88 [78 N. E. Rep. 964; 6 L. R. A. (N. S.) 997; 116 Am. St. Rep. 710].

When the plaintiff approached the railway to signal he was presumed to know that the car might be approaching at a high rate of speed—as it is authorized in the open country—and that his signal might not be observed in time to stop. He was therefore bound to observe reasonable care for his own safety.

A railway track is always regarded as a place of danger and calls for a proportionate amount of care, and the rule is not different as to a traction company running in the country, from that of a steam company. *Cincinnati, L. & A. Elec. St. Ry. v. Lohe,* 68 Ohio St. 101 [67 N. E. Rep. 161; 67 L. R. A. 637]; *Interurban Ry. & Term. Co. v. Hancock, supra.*

It is contended that the plaintiff was misled by the glare of the headlight and misjudged the distance as well as the speed. This danger the plaintiff observed when he first came upon the tracks and instead of relieving him from the imputation of contributory negligence, added to his duty of care. He was bound to use care in proportion to the added peril. *Balt. & O. Ry. v. McClellan,* 69 Ohio St. 142 [68 N. E. Rep. 816].

The plaintiff concedes that he knew by the custom that a signal to stop would be recognized, if a stop is to be made, by a signal by the motorman and that he had been unable to obtain this signal of recognition from the motorman. He was therefore chargeable with knowledge that his signal was unobserved or for some other reason not acknowledged and that the car was approaching at its usual speed. He knew also or was fairly chargeable with knowledge of inability to see the car or judge its speed; under these circumstances he was not justified in remaining on the track or dangerously near, until the car struck him, and his remaining in the way of the car when his view was blinded by the glare and when he was unable to judge the distance of the car was at his own peril.

Common ordinary prudence would suggest the safer course, of keeping out of the pathway of the car and not to take unnecessary risk.

### Franklin County.

Counsel for the plaintiff urge the doctrine of "last chance," that is, that the traction company knew or ought to have known of the plaintiff's peril in time to have avoided the injury, and neglected to do so.

Subsequent or wilful negligence must be pleaded and set forth in the petition as a grounds for recovery, to be available. *Drown v. Traction Co.* 76 Ohio St. 234 [81 N. E. Rep. 326; 10 L. R. A. (N. S.) 421; 118 Am. St. Rep. 844]; *Balt. & O. Ry.* v. *Lockwood,* 72 Ohio St. 586 [74 N. E. Rep. 1071]; *Cincinnati Trac. Co.* v. *Johnson,* 30 O. C. C. 702 (10 N. S. 467).

We have carefully analyzed the second amended petition and are inclined to the opinion that it does not set forth subsequent or wilful negligence as a grounds of recovery. But at any rate the evidence does not make out a case of wilful or subsequent negligence. It did not appear that the motorman, even if he saw the plaintiff, knew that he was within the pathway of the car or knew or was presumed to anticipate his failure to step away from the front of the car. *New York, C. & St. L. Ry.* v. *Kistler,* 66 Ohio St. 340 [64 N. E. Rep. 130]; *Cincinnati Trac. Co.* v. *Johnson, supra.*

And it is only when the motorman knew or was bound to know from the situation, that the plaintiff was unable to step aside or get out of the pathway of the car or did not intend to do so, that his negligence became wilful or subsequent.

The evidence fairly shows concurrent negligence of both the plaintiff and the defendant contributing to and producing the injury, and this justified the action of the common pleas court in instructing the jury to return a verdict for the defendant, and the judgment should be affirmed.

**Dustin** and **Sullivan, JJ.,** concur.